IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAY FRANCIS FERNANDEZ, | ) | MISC NO. 11-00081 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER REFUSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS SIGNED |
| vs. | ) | BY ARAN ALTON ARDAIZ, A |
| | ) | PERSON WHO IS NOT AN ATTORNEY |
| STATE OF HAWAII, et al., | ) | AND WHO IS SUBJECT TO A |
| | ) | PREFILING ORDER |
| Defendants. | ) | |
| _____ | ) | |

ORDER REFUSING PETITION FOR WRIT OF HABEAS CORPUS SIGNED BY ARAN
ALTON ARDAIZ, A PERSON WHO IS NOT AN ATTORNEY
AND WHO IS SUBJECT TO A PREFILING ORDER

On April 21, 2011, this court received a Petition for Writ of Habeas Corpus. The Petition was signed by Aran Alton Ardaiz, who purports to be the Attorney General for the Hawaiian Kingdom. In attempting to file this Petition, Ardaiz is attempting to act as the attorney for Jay Francis Fernandez.

Ardaiz is not an attorney licensed to practice law before this court. This is not the first time Ardaiz has attempted to practice law before this court. on July 16, 1998, Judge Manuel L. Real ordered that Ardaiz not file any document on behalf of others without approval of the Chief Judge for this district. See Minute Order, Freitas v. Ezra, Civ. No. 98-00545 MLR, July 16, 1998. On April 6, 2000, Judge Helen Gillmor denied a writ of habeas corpus filed by Ardaiz because he was not authorized to practice law before this court. See Order Denying Writ of Habeas Corpus Request, United States of Am. v. Ottley,

Cr. No. 00-00126 HG, Apr. 6, 2000. On May 8, 2000, this judge similarly denied a motion for temporary restraining order because Ardaiz had violated court orders and rules by acting as an attorney even though he lacked a license to practice law before this court. See Order Denying Motion for Temporary Restraining Order, Aiu v. Burger, May 8, 2000, Civ. No. 00-00048 SOM/LEK.

The Ninth Circuit has recognized that "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). Prefiling orders may enjoin the filing further actions or papers unless a person "first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." Id. Because Ardaiz has a history of attempting to act as an attorney even though he is not licensed to practice law before this court, such a prefiling order has been issued against him. This court has reviewed the Petition it received in this matter on April 21, 2011. Because Ardaiz is again attempting to practice law without being properly licensed to practice law before this court, the court orders the Clerk of Court to refrain from filing the petition Ardaiz signed as Fernandez's attorney. See Local Rule 83.2 ("Only a member of the bar of this court . . . may enter an appearance for a party . . . ."). In so prohibiting the filing

of the Petition, the court is not prohibiting Fernandez from proceeding pro se, if he so chooses.  See Local Rule 83.2 ("Noting in these rules shall prohibit any individual from appearing pro se.").

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, April 21, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Fernandez v. State of Hawaii, Misc. No. 11-00081 SOM/RLP; ORDER REFUSING PETITION FOR WRIT OF HABEAS CORPUS SIGNED BY ARAN ALTON ARDAIZ, A PERSON WHO IS NOT AN ATTORNEY AND WHO IS SUBJECT TO A PREFILING ORDER